IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 20–cv–00810–KMT

CHRISTIAN A. GUERRERO, and
VICTOR J. GUERRERO,

    Plaintiffs,

v.

CITY OF PUEBLO, COLORADO,
POLICE SERGEANT STEPHEN JESIK, in his individual and official capacity,
OFFICER SETH JENSEN, in his individual and official capacity,
OFFICER JUSTIN PREEDY, in his individual and official capacity, and
OFFICER SHELBY CLAUSEN, in his individual and official capacity,

    Defendants.

## ORDER

Before the court is the parties' "Joint Motion to Stay Discovery Pending Ruling on Motion to Dismiss." (["Motion"], Doc. No. 20.) In their Motion, the litigants request that discovery in this matter be stayed, pending resolution of Defendants' previously filed motion to dismiss. For the following reasons, the motion to stay is GRANTED.

Two Hispanic brothers, Plaintiffs Christian and Victor Guerrero, bring this lawsuit, pursuant to 28 U.S.C § 1983, asserting violations of their civil rights by the City of Pueblo and four individual Pueblo Police Department employees—Defendants Police Sergeant Stephen Jesik ["Jesik"], Officer Seth Jensen ["Jensen"], Officer Justin Preedy ["Preedy"], and Officer Shelby Clausen ["Clausen"]. (["Complaint"], Doc. No. 1 at 1-3 ¶¶ 1, 5-10.) Plaintiffs allege

that, on April 6, 2019, while they were out celebrating a birthday, the four individual Defendants, "wrongfully attacked, then arrested, detained and imprisoned" them "without a warrant and without probable cause." (*Id.* at 1-3 ¶¶ 1, 5-6, 9-11.)  Specifically, Plaintiffs allege that Defendant Jesik "grabbed Victor [Guerrero] from behind in a bear hug without identifying himself as a police officer," and then "threw [him] to the ground." (*Id.* at 4 ¶¶ 17-18.)  Plaintiffs further allege that Defendant Preedy "punched Victor Guerrero in the face," and then "pushed and held his face into the cement." (*Id.* at 5 ¶ 25.)  In addition, Plaintiffs allege that Defendant Jensen "kicked Christian Guerrero while Christian was on the ground on his hands and knees," and that Defendants Jensen and Clausen "then delivered numerous punches to the face and head of Christian [] who was defenseless on all fours knocking him unconscious." (*Id.* at 4 ¶¶ 19-21.) Plaintiffs claim that the individual Defendants "further brutalized" Christian Guerrero by "attempting to force his unconscious body into a police cruiser." (*Id.* at 5 ¶ 24.)  Finally, Plaintiffs allege that the Pueblo Police Department, a division of the City of Pueblo, "routinely brutalize[s] and arrests Hispanic Americans without Court authorized warrants or probable cause." (*Id.* at 3 ¶ 8, 5 ¶ 27.)

Based on these allegations, on March 25, 2020, the Guerreros commenced this lawsuit, asserting claims for violations of their rights under the United States Constitution, the Colorado Constitution, and Colorado state law. (*Id.* at 6-8 ¶¶ 30, 36, 43, 50.)  In the Complaint, Plaintiffs allege, among other things, unlawful seizure, failure to supervise, false imprisonment, assault, and excessive force. (*Id.* at 5-9 ¶¶ 29-50.)  The Guerreros' claims are lodged against Defendants Jesik, Jensen, Preedy, and Clausen, in both their official and personal capacities. (*Id.* at 1.)  The

Complaint asks for unspecified declaratory and injunctive relief, as well as monetary damages. (*Id.* at 9.)

On June 8, 2020, Defendants responded to Plaintiffs' allegations by filing a motion to partially dismiss the Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. No. 12.) Four weeks later, on July 7, 2020, the parties jointly filed the present Motion, asking to stay discovery pending resolution of the motion to dismiss. (Mot. 1, 4.) The parties argue that a discovery stay is appropriate in this case, because Defendants' motion to dismiss addresses "a substantial portion" of Plaintiff's claims. (*Id.* at 3.) They likewise contend that the resolution of the motion to dismiss "will significantly focus the case on the specific Fourth Amendment seizure issues which form the core of this case." (*Id.*) The parties insist that a discovery stay would "prevent discovery in a number of areas that may, based on the outcome of the motion to dismiss, be irrelevant to the remaining claims." (*Id.*)

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26(c), however, permits a court to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In this District, a stay of discovery is generally disfavored. *See, e.g.*, *Rocha v. CCF Admin.*, No. 09-cv-01432, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010); *Jackson v. Denver Water Bd.*, No. 08-cv-01984, at *1 (D. Colo. Dec. 15, 2008); *Chavez v. Young Am. Ins. Co.*, No.

3

06-cv-02419, at *2 (D. Colo. Mar. 2, 2007).  Nevertheless, the decision whether to stay discovery rests firmly within the sound discretion of the court.  *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

In ruling on a motion to stay discovery, five factors are generally considered: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers*, 322 F.3d at 1227.  Further, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."  8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010).

In this case, as to the first factor, there is no evidence to suggest that Plaintiffs will be prejudiced by a discovery stay.  Indeed, the motion to stay is supported by Plaintiffs.  (*See* Mot. 1.)  The first factor, therefore, weighs in favor of the imposition of a stay.  *See Frasier v. Evans*, No. 15-cv-01759, 2015 WL 6751136, at *2 (D. Colo. Nov. 5, 2015) (finding the first factor to weigh in favor of a stay, because the plaintiff did not oppose the requested relief).

As to the second factor, Defendants argue that they would be unduly burdened by moving forward with discovery, primarily because they have asserted immunity defenses to certain of Plaintiffs' claims.  (Mot. 2-3.)  Specifically, the City of Pueblo has invoked immunity, pursuant to the Colorado Governmental Immunity Act ["CGIA"], as to each claim asserted against it, while the individual Defendants have invoked CGIA immunity, as to Plaintiffs' state law claims

4

for false arrest, assault, battery, and excessive force.  (Doc. No. 12 at 8-14.)   In addition, Defendants seek dismissal of the excessive force claim, in the alternative, on the basis that no such private cause of action exists under Colorado law.  (*Id.* at 12-13.)

It is well-settled that questions of immunity should be resolved at the earliest stages of litigation.  *See Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012) (addressing qualified immunity); *Moore v. Busby*, 92 Fed. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question); *see also Behrens v. Pelletier*, 516 U.S. 299, 308-10 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending).  In addition, "discovery generally should be avoided" once an immunity defense is raised, unless the plaintiffs demonstrate "how [such] discovery will raise a genuine fact issue as to the defendants' [] immunity claim."  *Martin v. Cnty. of Santa Fe*, 626 Fed. App'x 736, 740 (10th Cir. 2015) (citing *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1387 (10th Cir. 1994)); *see Raven v. Williams*, No. 19-cv-01727-WJM-SKC, 2019 WL 4954640, at *2 (D. Colo. Oct. 8, 2019) (finding the second factor weighed in favor of a stay, because the plaintiff did not address how discovery would pertain to the defendant's immunity defense).  Given that the motion to dismiss does appear to be substantially predicated upon questions of law, the court agrees that Defendants could be prejudiced by engaging in discovery at this time.  Accordingly, the second factor supports the imposition of a stay.  *See Al-Turki v. Tomsic*, No. 15-cv-00524-REB-KLM, 2015 WL 8758745, at *2 (D. Colo. Dec. 15, 2015) (finding the second factor to weigh in favor of a stay, where the underlying motion to dismiss raised only legal arguments for dismissal); *Chapman v. Fed. Bureau of Prisons*, No. 15-cv-00279-WYD-KLM, 2015 WL 4574863, at *3 (D. Colo. July 30, 2015) (finding the second factor

5

weighed in favor of a stay, even though an immunity defense was only applicable as to some of the claims, because "it would be difficult for the parties and the Court to distinguish between discovery related to the claims that may be subject to qualified immunity and those that are not").

Looking to the remaining *String Cheese Incident* factors, the third "court convenience" factor also weighs in favor of stay. Indeed, it is certainly more convenient for the court to enter a stay until it is clear which of Plaintiffs' claims, if any, will move forward. The fourth factor bears no weight, as there are no non-parties with significant, particularized interests in this case. As to the fifth factor, the general public's primary interest in this case is an efficient and just resolution. Avoiding wasteful efforts by the court and the litigants serves that purpose.

Therefore, considering the *String Cheese Incident* factors together, as well as the strong interest of resolving immunity questions before subjecting government officials to the vicissitudes of litigation, a stay of discovery is appropriate in this case.

Accordingly, it is

**ORDERED** that the "Joint Motion to Stay Discovery Pending Ruling on Motion to Dismiss" (Doc. No. 20) is **GRANTED**. Discovery in this matter is **STAYED** pending a ruling on the "Defendants' Motion for Partial Dismissal" (Doc. No. 12). The parties shall file a joint status report within ten days of a ruling on the motion to dismiss, if any portion of the case remains, to advise whether the Scheduling Order should be amended, and if so, proposing jointly agreed upon new deadlines.

This 15th day of July, 2020.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge